QUESTION: Must items such as hotel accommodations, meals, and transportation which are furnished gratuitously to an elected public officer be reported, under s. 111.011, F.S., by such officer as a contribution?
SUMMARY: Under s. 111.011, F.S., an elected public officer must report all gratuitous hotel or room accommodations, meals, and transportation furnished to such officer, or to any person on his or her behalf, where the value of such items is in excess of twenty-five dollars. Section 111.011(2)(a), F.S., requires that each elected public officer . . . file a statement containing a list of all contributions received by him or on his behalf, if any, and expenditures from, or disposition made of, such contributions by such officer . . . with the names and addresses of persons making such contributions or receiving payment of distribution from such contributions and the dates thereof. The statement shall be sworn to by the elected public officer as being a true, accurate, and total listing of all of said contributions and expenditures. Included in the definition of the term "contribution" in s. 111.011(1)(c), F.S., is "any gift, donation, or payment of money the value of which is in excess of twenty-five dollars to any elected public officer or to any other person on his behalf." This statute has yet to be interpreted by an appellate court in Florida, negating the opportunity to rely upon judicial precedent. Further, although subsection 111.011(5) provides that the gift law shall be liberally construed, it is a criminal statute, and judicial decisions require strict construction in order that a citizen may be fully advised in the premises so that he may govern his conduct accordingly. Newman v. State, 174 So.2d 479 (2 D.C.A. Fla., 1965). Also, in order for the gift law to be violated, an elected public officer must fail to comply with s. 111.011, F.S., knowingly or willfully. By its terms, the statute requires disclosure of any "gift" or "donation," the value of which is in excess of twenty-five dollars, made to or on behalf of an elected public officer. In view of the apparent purpose of the statute — to compel disclosure of all gifts and donations which might tend to influence an elected public officer — I have no doubt that it includes all gifts and donations of a value in excess of twenty-five dollars, irrespective of their form, including such items as hotel or room accommodations, meals, and transportation furnished gratuitously to an elected public officer. It should be made clear, however, that this office is committed to the view, in the absence of any judicial construction of the statute, that only those payments of money that are, in fact, gratuitous in nature are to be reported as "contributions" under s. 111.011(2), supra. See AGO 071-25 and AGO 073-386. I also held in those opinions that . . . Such items as compensation from outside employment, a repayment of a loan, interest on investments, stock dividends — in short, any payment of money that represents a valid quid pro quo — should not be deemed to be a contribution within the intendment of the statute. Thus, I concluded in AGO 073-386 that payments of money received by a public officer as speech honorariums are not required to be reported under the statute. Similarly, the traditional practice of furnishing, or reimbursing the cost of, hotel or room accommodations, meals, and transportation to an elected public official or other distinguished guest who is invited to appear and speak before an audience — involving, as it does, an obvious quid pro guo — does not constitute, in fact, a gratuitous payment or a gift or donation as those words are normally understood; and I am, accordingly, of the view that the statute does not require that the value of accommodations, meals, and transportation furnished under such circumstances be reported. Parenthetically, it is hoped that this opinion will more precisely delineate the obligations incumbent upon an elected public officer who in the past, acting in good faith, may have had understandable difficulty in determining what the statute required of him. If there have been omissions in the past, this opinion should serve to clarify the obligations of public officials in the future.